# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40526
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

September 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE SALAS-VIERA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1073-1

Before BARKSDALE, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Salas-Viera challenges the downward-variance sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He asserts the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2015), based on his prior conviction for a controlled substances offense, pursuant to Nevada Revised Statute § 453.321.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40526

Along that line, Salas asserts:  the Nevada statute is broader than the generic definition of a drug-trafficking offense; and, further, it is not divisible, resulting, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), in review of state court records not being permissible to decide whether the conviction supported the enhancement.  Salas did not raise these issues in district court; therefore, review is only for plain error.  *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).

To satisfy the plain-error standard of review, Salas must identify a plain (clear or obvious) error that affects his substantial rights.  *Id.*  If he makes such a showing, this court has discretion to correct the error but generally will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings".  *Id.*

To be plain, an error must, *inter alia*, be contrary to clearly settled law, "rather than subject to reasonable dispute".  *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012).  The law is not clearly settled in Salas' favor, and our court has published no authority on this issue.  Moreover, Salas' counsel conceded multiple times during his sentencing hearing that the assigned Guidelines range was correct (arguably rendering this issue waived).  Accordingly, Salas has not demonstrated the court's application of the 16-level enhancement was clear or obvious error for purposes of plain-error review.  *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) ("plain error is a demanding standard"); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (no plain error where "we 'have not previously addressed' an issue").

In addition, Salas contends the court erred in concluding his prior Nevada conviction was an aggravated felony under 8 U.S.C. § 1326(b)(2), resulting in a higher statutory maximum sentence (20 years) than permitted

No. 16-40526

under subpart (b)(1) (ten years).  Because he failed to raise this claim in district court, our review is again only for plain error.  *Puckett*, 556 U.S. at 135.

There is no settled law as to whether Salas' prior Nevada conviction qualifies as an aggravated felony; therefore, the district court's resolution is not clearly or obviously incorrect.  *Fields*, 777 F.3d at 802; *Evans*, 587 F.3d at 671.  Even if he had shown a clear or obvious error, he cannot establish it affected his sentence because his 52-month sentence is below the 10-year statutory maximum under 8 U.S.C. § 1326(b)(1).  *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).  The district court also considered the sentence he received for his first illegal-entry conviction for proportionality purposes.  And, the Government has neither stipulated Salas was wrongly sentenced under § 1326(b)(2) nor requested reformation of the judgment.

AFFIRMED.